# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**FRED LEE JOHNSON,**

      Petitioner,

v.
                                              Civil Action No. **3:17CV239**

**EDDIE L. PEARSON,**

      Respondent.

## MEMORANDUM OPINION

Fred Lee Johnson, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 3) challenging his conviction in the Circuit Court for the City of Richmond, Virginia ("Circuit Court") for rape. Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. (ECF No. 15.) Johnson has filed a Response. (ECF No. 20.) For the reasons set forth below, the Motion to Dismiss (ECF No. 15) will be GRANTED.

### I. PERTINENT PROCEDURAL HISTORY

Johnson pled guilty to rape in the Circuit Court. *See Commonwealth v. Johnson*, CR06–F–1433–00, at 1 (Va. Cir. Ct. Aug. 16, 2006.) On August 16, 2006, the Circuit Court entered the final judgment with respect to this conviction and sentenced Johnson to an active term of imprisonment of thirteen years. *Id.* at 1–2. Johnson did not appeal.

On November 7, 2006, Johnson filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. *See Johnson v. Dir. of the Dep't Corr.*, No. 062264, at 1 (Va. Oct.

19, 2007). On October 19, 2007, the Supreme Court of Virginia dismissed the petition for a writ of habeas corpus. *Id.* at 1–2.

On March 23, 2017, this Court received from Johnson a document titled, "INDEPENDENT ACTION TO VACATE GUILTY PLEA THROUGH EXTRINSIC FRAUD IN VIOLATION OF Va. Code Ann. (8.01–428D)." (ECF No. 1, at 1.)[1] Johnson subsequently clarified his wish to file a petition for a writ of habeas corpus and then filed the § 2254 Petition. (ECF No. 3.) In his § 2254 Petition, Johnson contends that he is entitled to relief because:

| | |
|---|---|
| Claim One | The victim provided two different statements with respect to the crime. (§ 2254 Pet. 5.) |
| Claim Two | Counsel never formulated a plan on how to defend against the charges. (*Id.* at 7.) |
| Claim Three | "Counsel never stated that penetration was an element of rape . . . ." (*Id.* at 8.) |
| Claim Four | Counsel failed to withdraw after she passed Johnson's case along to another attorney. (*Id.* at 10.) |

Johnson also list a series of nine other "GROUNDS," which are little more than sentence fragments. (*Id.* at 16.) For example, without further elaboration, Johnson states: "5] Failure to request necessary expert; 6] manifest-injustice; 7] extrinsic fraud . . . ." (*Id.* (punctuation added).)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Johnson's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of

---

[1] The Court employs the pagination assigned to Johnson's submissions by the CM/ECF docketing system. The Court corrects the spelling in the quotations from Johnson's submissions.

habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28

U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Johnson's judgment became final on Thursday,

September 15, 2006, when the time for filing a notice of appeal expired. *See Hill v. Braxton*,

277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct

review of the state conviction is completed or when the time for seeking direct review has

expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:3(a) (requiring that a

notice of appeal be filed within thirty (30) days of the entry of judgment). The limitation period

began to run on September 16, 2006 and ran for fifty (52) days until Johnson filed his state

habeas petition on November 7, 2006. *See* 28 U.S.C. § 2244(d)(2). The limitation period

remained tolled until October 19, 2007, when the Supreme Court of Virginia dismissed the state petition for a writ of habeas corpus. Because Johnson waited over a decade after that dismissal to file his § 2254 Petition, it is clearly barred by the statute of limitations.

## C. Equitable Tolling

Furthermore, Johnson has not demonstrated a viable basis for a belated commencement of the limitation period or some equitable exception that would allow him to avoid the statute of limitations. Rather, Johnson suggests that the Court should excuse his late filing because he "did not know . . . how to file" and did not have legal assistance. (§ 2254 Pet. 13–14.) The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Ignorance of the law and lack of legal assistance upon the conclusion of direct appeal are not extraordinary circumstances that warrant the tolling of the limitation period. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

Because Johnson fails to demonstrate any basis for tolling the limitation period, the action will be DISMISSED as barred by the statute of limitations.

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 15) will be GRANTED. Johnson's claims will be DISMISSED, and his § 2254 Petition will be DENIED.

The action will be DISMISSED. Johnson's Motion for an Evidentiary Hearing (ECF No. 21) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

Date: 4/25/18
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge